# United States District Court, Northern District of Illinois

Minute Order Form (06/97)

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2907 | **DATE** | 8/9/2000 |
| **CASE TITLE** | Alexander vs. Mount Sinai Hospital Medical Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** The Court grants the United States' motion (Doc 4-1) to dismiss for lack of subject matter jurisdiction. All other pending motions are presently denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 1 0 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 10 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 00 AUG -9 AM 11: 12 | | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRMA ALEXANDER, Special Administrator of the estate of Christian Crutcher, deceased, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | 00 C 2907 |
| MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO and SINAI HEALTH SYSTEM d/b/a MOUNT SINAI MEDICAL CENTER OF CHICAGO, SINAI MEDICAL GROUP, GODWIN ONYEMA and JOSEPH ROSSMAN, | ) ) ) ) ) ) ) | DOCKETED AUG 10 2000 |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, we grant the United States' motion.

### BACKGROUND

Plaintiff Irma Alexander ("Alexander") filed a wrongful death action in the Circuit Court of Cook County, Illinois, in September 1999 seeking damages for the alleged medical negligence on the part of numerous defendants, including Defendant

10

Dr. Godwin Onyema ("Dr. Onyema"), that resulted in the death of her mother, Christen Crutcher, on November 13, 1997. Alexander also seeks damages for injury she suffered as a result of her mother's death. On May 12, 2000, the United States removed the case to federal district court, pursuant to 28 U.S.C. § 1441, stating that the federal district court had jurisdiction over Plaintiff's complaint. Specifically, the United States claimed that because the tort action against Dr. Onyema was one against a federal employee acting within the scope of his employment, it was an action under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §2671, and the United States should be substituted for Dr. Onyema as a defendant pursuant to 28 U.S.C. §2679(d). At that time, a delegate of the Attorney General filed a certification that Dr. Onyema was acting within the scope of his employment at the time of the alleged incidents.[1]

Presently, the United States is moving to dismiss the FTCA action, claiming that the federal court lacks subject matter jurisdiction because of Plaintiff's failure to file an administrative claim with the appropriate federal agency and her failure to exhaust her administrative remedies. Plaintiff Alexander opposes the United States' motion by challenging the United States' motion for substitution. Plaintiff argues that Dr. Onyema is not a federal employee and thus this action neither falls under the FTCA

---

[1] Thomas P. Walsh, Assistant United States Attorney, Chief, Civil Division made the certification. He is one of the people to whom the Attorney General has delegated her certification power. See 28 C.F.R. §15.3(a).

nor may the United States substitute itself for Dr. Onyema as a defendant. As such, Plaintiff maintains that the United States' motion to dismiss for lack of subject matter jurisdiction under the FTCA must fail. Further, there existing no FTCA cause of action, Plaintiff asserts that the action must be remanded to the Circuit Court of Cook County.

## LEGAL STANDARD

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. See In re Chicago, Rock Island & Pacific R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss, the court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. See United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996), citing Bowyer v. United States Dep't of Air Force, 875 F.2d 632, 635 (7th Cir. 1989), cert. denied, 493 U.S. 1046, 110 S.Ct. 846, 107 L.Ed.2d 840 (1990). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. See Kontos v. United States Dep't of Labor, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts.

See Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942). With these principles in mind, the Court evaluates the United States' motion.

**DISCUSSION**

Plaintiff Alexander asserts that Dr. Onyema was not a federal employee at the time of the alleged incidents, and thus, the FTCA does not apply and the United States may not substitute itself for Dr. Onyema as a defendant. As such, Plaintiff maintains that this action was improperly removed and must be remanded to the Circuit Court of Cook County because this Court lacks subject matter jurisdiction over the action. The Court disagrees.

While Plaintiff argues that Dr. Onyema is not a federal employee[2], the United States maintains that the certification of the Attorney General's delegate conclusively demonstrates that Dr. Onyema is a federal employee for purposes of the FTCA. Section 2679(d)(1) of the FTCA permits that upon certification by the Attorney General or her delegate that an individual defendant was acting within the scope of his

---

[2] The Court notes that Plaintiff's present position contradicts the allegations in Plaintiff's complaint, which assert that "Onyema ... was acting as the agent, servant and employee or apparent agent of the defendant, Mount Sinai Hospital and/or Sinai Medical Group." However, the Court is not bound solely by the allegations in the complaint when determining subject matter jurisdiction. See United Transp. Union, 78 F.3d at 1210, citing Bowyer, 875 F.2d at 635, cert. denied, 493 U.S. 1046, 110 S.Ct. 846, 107 L.Ed.2d 840 (1990)

employment, the tort claim "shall be deemed to be an action against the United States ... and the United States shall be substituted as the party defendant." 28 U.S.C. §2679(d)(1); see Bartoli v. Attorney Registration and Disciplinary Commission of Illinois, No. 97 C 3412, 1998 WL 596694 (N.D. Ill. Sept 2, 1998). Although a delegate of the Attorney General certified that Dr. Onyema was acting within the scope of his employment at the time of the alleged incidents, the certification does not answer the threshold question of whether the defendant was a federal employee. See Ezekiel v. Michel, 66 F.3d 894, 900 (7th Cir. 1995). The language of the FTCA's certification provision assumes that the defendant is a federal employee, and thus, the certification is only relevant to whether the named defendant was acting within the scope of his federal employment, not whether the defendant was a federal employee. See id. at 899-900. Here, Plaintiff does not suggest that Dr. Onyema exceeded the scope of his employment but rather, that he is not a federal employee.

Although upon certification the plaintiff bears the "burden of showing that the [defendant's] conduct was not within the scope of employment," Hamrick v. Franklin, 931 F.2d at 1211, such a burden is inapplicable to Plaintiff's contention that Dr. Onyema is not a federal employee. See Ezekiel, 66 F.3d at 900. Whether the defendant is a federal employee under the FTCA is a question of federal law. See

Quilico v. Kaplan, 749 F.2d 480, 483 (7th Cir. 1984), citing Logue v. United States, 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973).

The Federally Supported Health Care Assistance Act of 1992, 42 U.S.C. §233(g)-(n) (the "FSHCAA"), provides coverage to federally supported health centers, their employees and certain contractors under the FTCA for acts or omissions occurring after January 1, 1993 or when the health center was deemed eligible for coverage, whichever is later. See 28 U.S.C. §233(g)(3), (4). The U.S. Department of Health and Human Services, Bureau of Primary Health Care, deemed Sinai Family Health Centers eligible for FTCA coverage on July 1, 1997. Thus, Sinai Family Health Centers, along with its employees and certain contractors, are covered by the FTCA during the time of the alleged incidents. The FTCA provides the exclusive remedy for torts committed by a federal employee acting within the scope of employment. See 28 U.S.C. §2679(b)(1).

Under the FSHCAA, Dr. Onyema is a contractor of a health center covered by the FSHCAA and is thus covered by the FTCA. The FSHCAA provides, in relevant part:

> ...an individual may be considered a contractor of an entity described in paragraph (4) only if –
> (A) the individual normally performs on average at least 32 ½ hours of service per week for the entity for the period of the contract: or

> (B) in the case of an individual who normally performs an average of less than 32 ½ hours of services per week for the entity for the period of the contract, the individual is a licensed or certified provider of services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics and gynecology. 42 U.S.C. §233(g)(5).

Dr. Onyema meets at least one of these definitions of "contractor." Mount Sinai Family Health Centers specifically contracted Dr. Onyema to provide obstetrical and gynecological services. If he is not a contractor by virtue of working more than 32 ½ hours per week during the relevant period, he is a "contractor" under the second definition by being a licensed or certified provider of services in the field of obstetrics and gynecology. Thus, Dr. Onyema is eligible for coverage under the FTCA. Moreover, because the Attorney General's delegate has certified that Dr. Onyema was working within the scope of his employment at the time of the alleged incidents, the tort claim "shall be deemed to be an action against the United States ... and the United States shall be substituted as the party defendant." 28 U.S.C. §2679(d)(1). As such, the Court must allow the United States' substitution and dismiss Dr. Onyema from this action.

As the substituted party, the United States moves to dismiss this action for lack of subject matter jurisdiction as a result of Plaintiff's failure to first present her FTCA claim to the appropriate federal agency and her failure to exhaust her administrative remedies. The FTCA is unambiguous in its language that an "action shall not be

instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." <u>McNeil v. United States</u>, 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), <u>quoting</u> 28 U.S.C. §2675(a). Because Plaintiff fails to demonstrate or even assert that she first presented her FTCA claim to the appropriate federal agency, her claim would be premature and improper before this Court. <u>See</u> <u>McNeil</u>, 508 U.S. at 111. This Court lacks subject matter jurisdiction to hear her claim and thus, dismisses it.

## CONCLUSION

For the reasons set forth above, the Court grants the United States' motion to dismiss for lack of subject matter jurisdiction.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: August 9, 2000