# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2907 | **DATE** | 9/27/2000 |
| **CASE TITLE** | Alexander vs. Mount Sinai Hospital Med Center... | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 11/8/2000 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Plaintiff's motion (Doc 11-1) tp reconsider is granted. All other pending motions, if any, are moot. Plaintiff is given leave to conduct the discovery depositions he seeks in order to determine whether Dr. Onyema is deemed to be a federal employee under the controlling statute. So ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | **Document Number** |
| | No notices required. | | | number of notices | | |
| | Notices mailed by judge's staff. | | | SEP 2 8 2000 | | |
| | Notified counsel by telephone. | | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | FILED FOR DOCKETING | | | |
| SCT | courtroom deputy's initials | | 00 SEP 27 PM 1: 44 | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRMA ALEXANDER, Special Administrator )
of the estate of Christian Crutcher, deceased, )
                                               )
                    Plaintiff,                 )
                                               )
         vs.                                   )        00 C 2907
                                               )
MOUNT SINAI HOSPITAL MEDICAL                   )
CENTER OF CHICAGO and SINAI HEALTH             )
SYSTEM d/b/a MOUNT SINAI MEDICAL               )
CENTER OF CHICAGO, SINAI MEDICAL               )
GROUP, GODWIN ONYEMA and JOSEPH                )
ROSSMAN,                                       )
                                               )
                    Defendants.                )

DOCKETED
SEP 2 8 2000

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiff's motion to reconsider, pursuant

to Federal Rule of Civil Procedure 59(e), our opinion of August 9, 2000, in which the

Court granted the United States' motion to dismiss for lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set

forth below, Plaintiff's motion to reconsider is granted.

## BACKGROUND

Plaintiff Irma Alexander ("Alexander") filed a wrongful death action in the

Circuit Court of Cook County, Illinois, in September 1999 seeking damages for the

alleged medical negligence on the part of numerous defendants, including Defendant Dr. Godwin Onyema ("Dr. Onyema"), that resulted in the death of her mother, Christen Crutcher, on November 13, 1997. Alexander also sought damages for injury she suffered as a result of her mother's death.

On May 12, 2000, the United States removed the case to federal district court, pursuant to 28 U.S.C. § 1441, stating that the federal district court had jurisdiction over Plaintiff's complaint. Specifically, the United States claimed that because the tort action against Dr. Onyema was one against a federal employee acting within the scope of his employment, it was an action under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671, and the United States should be substituted for Dr. Onyema as a defendant pursuant to 28 U.S.C. § 2679(d). At that time, a delegate of the Attorney General filed a certification that Dr. Onyema was acting within the scope of his employment at the time of the alleged incidents.

On August 8, 2000, the Court granted the United States' motion to dismiss for lack of subject matter jurisdiction because of Plaintiff's failure to file an administrative claim with the appropriate federal agency and her failure to exhaust her administrative remedies. Presently, Plaintiff is moving to reconsider, claiming that Dr. Onyema is not a federal employee. Plaintiff argues that the Court has overlooked evidence, specifically the 1099 form that shows that Sinai Family Health Centers paid Onyema

Medical Services Ltd. ("Onyema Medical") rather than Dr. Onyema. Plaintiff also asserts that by finding that Dr. Onyema is a federal employee, the Court has disregarded the corporate status of Onyema Medical. Defendant opposes the Plaintiff's motion and maintains that Dr. Onyema is employed by Sinai Family Health Centers, and is a federal employee.

## ANALYSIS

The Court's August 8, 2000 decision was predicated on the notion that Onyema Medical, the contracting party with Sinai Family Health Centers, was simply the alter ego of Dr. Onyema inasmuch as he was the sole employee of the corporation. The ruling was premised on the basis that the substance of the relationship overrides its form.

The case of Dedrick v. Youngblood, 200 F.3d 744 (11th Cir. 2000) calls into question the degree to which the formality of the legal relationships between the parties must be recognized. Although not cited by the parties here, Dedrick appears to be the first circuit to address the meaning of 42 U.S.C. § 233 of the Federally Supported Health Centers Assistance Act. While holding that a doctor who holds no contract with the covered provider cannot be "deemed" to be a federal employee while employed by a clinic which was the contracting party, the court declined to address the factual circumstances apparently posed by the instant case. Consequently, the coverage of an

individual doctor who contracts with an eligible entity through his professional corporation remains an open question among the courts of appeals.

As a consequence of the sparse legal precedent in which this case is presented, it is imperative that the factual record be as complete and accurate as circumstances permit. Accordingly, the Court's decision of August 8, 2000 is vacated. Plaintiff is given leave to conduct the discovery depositions he seeks in order to determine whether Dr. Onyema is deemed to be a federal employee under the controlling statute.

It is so ordered.


_____
Charles P. Kocoras
United States District Judge


Dated: ___September 27, 2000___