# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2907 | **DATE** | 4/12/2001 |
| **CASE TITLE** | Alexander vs. Mount Sinai Hospital et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 5/7/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The United States' motion (Doc 21-1) to dismiss is granted. All claims against Dr. Godwin Onyema are dismissed with prejudice and the United States substituted in his place as party defendant. All claims against the United States are dismissed without prejudice for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | APR 13 2001 | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 APR 12 PM 4: 06 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRMA ALEXANDER, Special Administrator )
of the estate of Christen Crutcher, deceased, )
)
                   Plaintiff, )
)
vs. )
)
MOUNT SINAI HOSPITAL MEDICAL )
CENTER OF CHICAGO and SINAI HEALTH )   00 C 2907
SYSTEM d/b/a MOUNT SINAI MEDICAL )
CENTER OF CHICAGO, SINAI MEDICAL )
GROUP, GODWIN ONYEMA and )
JOSEPH ROSMAN, )
)
                  Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the United States' motion to dismiss certain claims in the complaint for lack of subject matter jurisdiction. For the reasons set forth below, the motion is granted.

### BACKGROUND

In September 1999, Plaintiff Irma Alexander filed suit against Mount Sinai Medical Center of Chicago and Sinai Health System in the Circuit Court of Cook County, Illinois. The complaint was later amended to include Godwin Onyema, M.D.

and Joseph Rossman, M.D. as defendants. In the First Amended Complaint (the "complaint"), Alexander, as Special Administrator for the estate of her mother Christen Crutcher, alleges that medical negligence on the part of the defendants led to Crutcher's death on November 13, 1997. On May 12, 2000, the United States of America (the "Government") removed the action to federal court based on its determination that Dr. Onyema was a federal employee covered by the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (the "Tort Claims Act" or "FTCA") at all times relevant to the complaint.

On May 22, 2000, the Government moved to partially dismiss the action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction. Specifically, the Government argued that at all times relevant to the complaint, Dr. Onyema was a federal employee covered by the Federal Tort Claims Act; that under 28 U.S.C. 2679(d)(1) the United States should be substituted for Dr. Onyema as the party defendant; and that the complaint should be dismissed as against the United States for failure to fulfill the administrative prerequisites to suit under the Tort Claims Act. In an August 10, 2000, Memorandum Opinion, we granted the motion to dismiss. See Alexander v. Mt. Sinai Hospital Medical Center of Chicago, et al., 2000 WL 1139895 (2000). Alexander moved for reconsideration, arguing that the record did not conclusively establish that Onyema was a federal

employee within the meaning of the Federally Supported Health Care Assistance Act of 1992, 42 U.S.C. § 233(g)(1)(A) (the "Health Care Assistance Act" or FSHCAA). On September 27, 2000, we vacated our order of dismissal and granted Alexander leave to take discovery on the limited issue of whether Onyema was, at all times relevant to the complaint, covered by the Federal Tort Claims Act.

Once Alexander had taken Dr. Onyema's deposition and obtained copies of pertinent documents in the doctor's possession, the Government renewed its motion to dismiss. In response, Alexander argues again that Dr. Onyema was not a federal employee at the time of the incidents alleged in the complaint. With discovery on the issue now complete, we will proceed to address the question of Dr. Onyema's status one final time.

## LEGAL STANDARD

Rule 12(b)(1) provides for the dismissal of claims over which the Court lacks subject matter jurisdiction. In reviewing a 12(b)(1) motion to dismiss, the court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996) (citing Bowyer v. United States Dep't of Air Force, 875 F.2d 632, 635 (7th Cir. 1989), cert. denied, 493 U.S. 1046, 110 S. Ct. 846 (1990)). The plaintiff bears the burden of establishing that

the jurisdictional requirements have been met and must support its allegations with competent proof of jurisdictional facts. See Thomson v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673 (1942); Kontos v. United States Dep't of Labor, 826 F.2d 573, 576 (7th Cir. 1987). With these principles in mind, we turn to the merits of the Government's motion.

## DISCUSSION

### I. Status of Dr. Onyema

Pursuant to 42 U.S.C. § 233(g)-(n), employees and certain contractors of federally supported health care centers are deemed to be employees of the Public Health Service for purposes of medical malpractice lawsuits. For such "deemed" federal employees, the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, provides the exclusive remedy for their negligent acts and omissions occurring on or after the date on which the health care center was deemed eligible for FTCA coverage. Sinai Family Health Centers ("Sinai"), the health clinic where Dr. Onyema treated Crutcher, was deemed eligible for coverage on July 1, 1997. The Government has previously certified that Dr. Onyema was acting within the scope of his employment at Sinai at the time of the incidents alleged in the complaint. See May 10, 2000, Certification of Thomas P. Walsh, Assistant United States Attorney.

The controversy over Dr. Onyema's status stems from the fact that the parties to the contract governing Dr. Onyema's relationship with Sinai were Sinai Family Health Centers and Onyema Medical Service, Ltd., "an Illinois Medical Service Corporation whose employee is a physician licensed to practice medicine in all its branches in the State of Illinois." While the physician referenced in the contract is clearly Dr. Onyema, and it was Dr. Onyema who signed the document on behalf of the corporation, there is no direct employment agreement between Sinai and the doctor individually. Moreover, the "Recipient" listed on the IRS Form 1099 corresponding to Dr. Onyema's Sinai work is Onyema Medical Services, Ltd., not Dr. Onyema himself. Alexander argues for the second time that these two documents, which were before the Court on the Government's original motion to dismiss, establish that Dr. Onyema was neither an employee nor a covered contractor of Sinai at the time of the alleged malpractice.

In support of her position, Alexander cites <u>Dedrick v. Youngblood</u>, 200 F.3d 744 (2000), in which the Eleventh Circuit considered whether a doctor who had contracted with a corporation, which in turn contracted with a federally supported health center, should be deemed a federal employee within the meaning of § 233(g)(1)(A) of the FSHCAA. The defendant in <u>Dedrick</u>, Dr. Youngblood, had entered into a one-year employment contract with an organization called Capstone Health Services

Foundation. 200 F.3d at 745. Pursuant to this contract, Youngblood became a member of the OB-GYN Department of the University of Alabama School of Medicine, Tuscaloosa. Id. After Dr. Youngblood's employment contract went into effect, the Foundation entered into a provider agreement with a federally supported health care center. The agreement provided that the Foundation would send doctors, including Dr. Youngblood, to provide part-time OB-GYN related services to Medicaid-eligible pregnant women at the health care center's facilities. The agreement also provided that the Foundation would maintain medical malpractice insurance for its employees.

On the record before it, the Eleventh Circuit declined to find a "deemed" federal employment relationship between Dr. Youngblood and the health care center where he sometimes provided OB-GYN services. The court construed the statute narrowly to require a "direct contractual relationship" between the FTCA-eligible entity and the physician. 22 F.3d at 747. The court then found this direct relationship to be absent, since Dr. Youngblood "perform[ed] services for an eligible entity pursuant to an intermediate contract signed by a practice group or clinic." Id. at 747, n. 5.

The facts in Dedrick are materially distinct from those in the case at bar. Unlike Dr. Youngblood, Dr. Onyema did not perform the relevant medical services under a contract signed by a third party practice group or clinic by which he was otherwise employed. Dr. Onyema performed services for Sinai under a contract *he himself* signed

- 6 -

on behalf of an eponymous professional corporation he founded and of which he is the sole shareholder and employee. See Deposition of Godwin Onyema, Exh. L to the Federal Defendant's Reply, at pp. 11-12, 47. The agreement, which tellingly refers to Onyema Medical Service Ltd. throughout as the "Physician," does not require the Physician to maintain separate medical malpractice insurance, as the contract did in Dedrick. On the contrary, Sinai has taken the position that Dr. Onyema is covered by the FTCA. See, e.g., Exhibit F to Plaintiff's Motion to Strike Federal Defendant's [Original] Motion to Dismiss for Lack of Subject Matter Jurisdiction or Alternatively Response to Said Motion, filed June 29, 2000. This evidence leads us to the conclusion that Onyema Medical Service has essentially acted as Dr. Onyema's alter ego with respect to his professional services relationship with Sinai.

Alexander's claim that, under Illinois corporation law, Dr. Onyema should be forced to live with the negative consequences of his decision to do business as a professional corporation is unavailing. The question of whether a physician is a federal employee under the FTCA is a question of federal, not state, law. See Quilico v. Kaplan, 749 F.2d 480, 483 (7th Cir. 1984). Moreover, to ignore the fact that the corporation is Dr. Onyema's alter ego, or that the contract between Onyema Health Service and Health Centers is essentially an employment contract between Health Centers and Dr. Onyema would be to ignore our prior admonition that "the substance

of the relationship overrides its form." See the Court's September 27, 2000, Memorandum Opinion, at 3. The Government's evidence strongly suggests that with respect to the treatment he provided Alexander's decedent, Dr. Onyema was effectively an employee of Health Centers and a deemed employee of the federal government. Alexander was given leave to probe this suggestion through discovery, and yet she has not presented a single line from Dr. Onyema's deposition, or any document not previously presented to the Court, that would support her position. Accordingly, we find that Dr. Onyema was covered by the Federal Tort Claims Act at the time of the incidents alleged in the complaint.

**II. Proper party**

Under the FTCA, the claims against Dr. Onyema must be deemed claims against the United States. 28 U.S.C. § 2679 (d) (2). We therefore dismiss all claims against Dr. Onyema, with prejudice, and substitute the United States as the proper party defendant. See id.

**III. Exhaustion of administrative remedies**

Before she may institute a suit against the Government under the Tort Claims Act, a plaintiff must present her claim to the appropriate federal agency, and the agency must either deny the claim or take no action on the claim for six months. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 S. Ct. 1980 (1993). Alexander

did not file a claim with the United States Department of Health and Human Services until July 20, 2000. Her lawsuit, filed in September 1999, was therefore clearly premature. See McNeil, 508 U.S. at 113. Accordingly, we dismiss the complaint against the United States, without prejudice, for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the motion is granted. All claims against Dr. Godwin Onyema are dismissed with prejudice and the United States substituted in his place as party defendant. All claims against the United States are dismissed without prejudice for lack of subject matter jurisdiction.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: April 12, 2001