UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRMA ALEXANDER, Special Administrator )
of the Estate of Christen Crutcher, deceased, )
                                              )
       Plaintiff,                             )    No. 00 C 2907
                                              )
v.                                            )    Judge Kocoras
                                              )
MOUNT SINAI HOSPITAL MEDICAL                  )
CENTER OF CHICAGO and SINAI HEALTH            )
SYSTEM d/b/a MOUNT SINAI MEDICAL              )
CENTER OF CHICAGO, SINAI MEDICAL              )
GROUP, GODWIN ONYEMA and JOSEPH               )
ROSMAN,                                       )
                                              )
       Defendants.                            )

**FILED OCT - 4 2004** Chief Judge Charles P. Kocoras, United States District Court

**DOCKETED OCT 08 2004**

MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO
and SINAI HEALTH SYSTEM'S MOTION IN LIMINE NO. 3
TO BAR TESTIMONY AS TO
OTHER WITNESS' CREDIBILITY

COME NOW Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO and SINAI HEALTH SYSTEM, by and through their attorneys, ANDERSON, BENNETT & PARTNERS, and move this Honorable Court to enter its order *in limine* barring: (1) any witness, lay or otherwise, from commenting on his opinions, beliefs, impressions, or conclusions regarding the veracity, believability, consistency, inconsistency, conceivability, or credibility of any statement or testimony offered by any other witness; or (2) the quality of memory or lack of memory of any other witness; and (3) likewise barring counsel from attempting to elicit such testimony from any witness; and (4) ordering that Plaintiff's counsel so advise his witnesses of this Court's order prior to their testimony. In support thereof, Defendants state as follows:

1. The veracity of a witness is a question reserved exclusively for the trier of fact. People v. Kokoraleis, 132 Ill.2d 235, 264 (1989); People v. Long, 407 Ill. 210, 211-212 (1950); Cleary & Graham's Handbook of Illinois Evidence Section 611.25 (6th ed. 1994)(at pp. 496-497).

2. Accordingly, it is generally improper to ask a witness whether another witness' testimony is truthful, People v. Kokoraleis, 132 Ill.2d 235, 264 (1989)(and cases cited therein), to characterize other witness' testimony as true or false, People v. Tribett, 98 Ill.App.3d 663, 676-677 (1st Dist. 1981); People v. Best, 97 Ill.App.3d 1083, 1086-1087 (1st Dist. 1981); Cleary & Graham's Handbook of Illinois Evidence Section 611.25 (6th ed. 1994)(at pp. 496-497), or to ask for comment on inconsistency between his testimony and that of another witness. Ryan v. Monson, 33 Ill.App.2d 406, 415-416 (1st Dist. 1961) Cleary & Graham's Handbook of Illinois Evidence Section 611.25 (6th ed. 1994)(at pp. 496-497).

3. "It is also improper to ask the witness whether she can explain why another witness testified as to a particular fact." See generally Cleary & Graham's Handbook of Illinois Evidence Section 611.25 (6th ed. 1994)(at pp. 496-497) and cases cited therein.

4. Furthermore, testimony as to the meaning of another person's testimony is inadmissible. Cleary & Graham's Handbook of Illinois Evidence Section 704.5 (6th ed. 1994)(at p. 612) citing People v. Holveck, 141 Ill.2d 84 (1990).

5. Hence, it is well established that it would be improper in this matter for any witness to comment upon or for Plaintiff's counsel to attempt to elicit from any witness, expert or otherwise, the witness' opinions, beliefs, impressions, or conclusions regarding the veracity, believability, consistency, inconsistency, conceivability, or credibility of any statement or

testimony offered by any other witness, and Plaintiff's counsel should be barred generally from attempting to elicit such testimony from any witness and ordered to advise his witnesses before they take the stand that they are barred from commenting as to these issues as well.

WHEREFORE, and for the foregoing reasons, Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO and SINAI HEALTH SYSTEM,** respectfully request that this Honorable Court enter an order *in limine* as set forth above.

Respectfully submitted,

Jason A. Parson
**ANDERSON, BENNETT & PARTNERS**
Attorneys for Defendants
**MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO and SINAI HEALTH SYSTEM**

ANDERSON, BENNETT & PARTNERS
55 E. Monroe Street
Suite 3650
Chicago, IL 60603
(312) 673-7812
Atty No. 37508

STATE OF ILLINOIS  )
                   )  SS
COUNTY OF COOK     )

### CERTIFICATE OF SERVICE

I, Nancy Biber, a non-attorney on oath state that I caused a copy of the foregoing **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO AND SINAI HEALTH SYSTEM'S MOTION IN LIMINE NO. 3 TO BAR TESTIMONY AS TO OTHER WITNESS' CREDIBILITY**, was previously served upon

**Attorney For Plaintiff**
Paul G. Hardiman
39 South LaSalle Street
Suite 1400
Chicago, Illinois 60603

**Attorney for Sinai Medical Group**
Randall J. Gudmundson
French, Kezelis & Kominiarek, P.C.
33 North Dearborn Street
Suite 700
Chicago, Illinois 60602

**Attorney for Joseph Rosman, M.D.**
Michael J. Morrissey
Cassiday, Schade & Gloor
20 N. Wacker Drive
Suite 1040
Chicago, IL 60606-2903

**Attorney for United States**

Jack Donatelli
Assistant U.S. Attorney
Dirksen Federal Building
219 S. Dearborn
Fifth Floor
Chicago, IL 60604

by hand-delivery on September 11, 2003.

Subscribed and Sworn to before me this 4th day of October, 2004.

Notary Public

"OFFICIAL SEAL"
BONNIE WEGESIN
Notary Public, State of Illinois
My Commission Expires 1/30/08