UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRMA ALEXANDER, Special Administrator of the Estate of CHRISTEN CRUTCHER, deceased, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 00 C 2907 |
| MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO and SINAI HEALTH SYSTEM d/b/a MOUNT SINAI MEDICAL CENTER OF CHICAGO; SINAI MEDICAL GROUP; GODWIN ONYEMA; and JOSEPH ROSMAN, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of the Plaintiff, Irma Alexander ("Alexander"), Special Administrator of the Estate of Christen Crutcher, to hold 42 U.S.C. § 233 unconstitutional. For the reasons set forth below, Alexander's motion is denied.

**BACKGROUND**

The full factual background of this case has been set out in prior opinions. We summarize only the facts pertinent to the present motion here. In September 1999,

Alexander brought suit against Mount Sinai Medical Center of Chicago and Sinai Health System (collectively referred to as "Mount Sinai") in the Circuit Court of Cook County, Illinois. The complaint was later amended to include Godwin Onyema, M.D. ("Dr. Onyema") and Joseph Rosman, M.D. ("Dr. Rosman"). The complaint sought damages for alleged medical negligence that resulted in the death of Alexander's mother, Christen Crutcher. On May 12, 2000, the United States removed the action to federal court, pursuant to 28 U.S.C. § 1441, based on its determination that Dr. Onyema was a federal employee covered by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., at all times relevant to the complaint.

Under the Federally Supported Health Care Assistance Act of 1992 ("FSHCAA"), 42 U.S.C. § 233(g)-(n), federally supported health centers, their employees, and certain contractors are provided coverage under the FTCA for acts or omissions that occurred either on or after January 1, 1993, or when the health center was deemed eligible for coverage, whichever is later. Mount Sinai was deemed eligible for coverage under the FSHCAA on July 1, 1997. A civil action that is commenced in state court, that is based upon a tort claim against a federal employee acting within the scope of employment is removable to federal court at any time before trial, and the United States is substituted as the defendant. 28 U.S.C. § 2679(d)(2).

In April 2001, we ruled that Dr. Onyema was covered by the FTCA at the time of the incidents alleged in the complaint. Therefore, in accordance with the provisions of the FTCA, the claims against Dr. Onyema had to be deemed claims against the United States. 28 U.S.C. § 2679(d)(2). We therefore dismissed all claims against Dr. Onyema, with prejudice, and substituted the United States as the proper defendant. See id. Alexander objected to the transfer to this court, asserting that Dr. Onyema was not a deemed employee under § 233, and moved for reconsideration pursuant to Fed. R. Civ. P. 60(b)(6) of our dismissal of Dr. Onyema.

Our April 2001 opinion dismissed Dr. Onyema even though Onyema Medical Service, Ltd., a professional corporation of which Dr. Onyema was the sole shareholder, was the party named in the service contract with Mount Sinai. Despite a decision by the Department of Health and Human Services ("HHS") that Dr. Onyema was a federal employee, Alexander argued that because the doctor was not the nominal contractor, he was not in fact covered by the FSHCAA and the FTCA. We disagreed, finding that the content of the contract as well as the incidents of the employment relationship demonstrated that Dr. Onyema was engaged in a direct employment relationship with Mount Sinai. Alexander now brings the present motion, asserting that § 233 is unconstitutional under the Fifth and Seventh Amendments to the United

-3-

States Constitution, in violation of her equal protection and due process rights and her right to a trial by jury.

## DISCUSSION

*A. Equal Protection*

Alexander contends that § 233 violates her constitutional right to equal protection for a number of reasons. First, she asserts that the representations made by the United States in Buckley v. Mount Sinai Hosp. Med. Ctr., 2002 WL 554524 (N.D. Ill. Apr. 12, 2002) (adopting the position that Dr. Onyema is not a deemed employee of the government) necessitate that we hold § 233 unconstitutional. We disagree.

First, § 233(g) binds the parties to this case, including Alexander, to HHS's original decision that Dr. Onyema was a covered employee. In addition, our decision rested not solely on the representations made by the government but also on the independent conclusion that the contracting party in this case was Dr. Onyema himself, not the professional corporation for which he signed. This distinction separates the case at bar from others concluding that members of a professional corporation were not "employees" for purposes of the FSHCAA and the FTCA. Dedrick v. Youngblood, 200 F.3d 744 (11th Cir. 2000); Del Valle v. Sanchez, 170 F. Supp. 2d 1254, 1265 (S.D. Fla. 2001).

Next, Alexander asserts that § 233 violates her constitutional right to equal protection as it does not allow her to sue the alleged wrongdoer personally and allow a jury to decide the case against him or her and as to all other defendants.

While Alexander does not elaborate upon this argument, it appears that she is attacking § 233 as being in violation of the Fifth Amendment on its face. We presume that Alexander is asserting that § 233 violates the equal protection clause of the Fifth Amendment by creating a classification that is not rationally related to a legitimate governmental interest. Alexander's argument fails as she has made no attempt to identify the suspect classification assertedly created on the face of § 233, and none is readily apparent to us.

A classification based on claims arising out of medical and related functions within the scope of a funded project, the only classification which the statute can reasonably be construed to create, is not a suspect classification, Mills v. Maine, 118 F.3d 37, 47 (1st Cir. 1997) (suspect class is class of persons characterized by unpopular trait or affiliation that would reflect special likelihood of bias against them by majority), and is rationally related to the goal of saving nonprofit providers of health care the cost of malpractice insurance. See 138 Cong. Rec. S17862-01; see also Kittery Motorcycle, Inc. v. Rowe, 320 F.3d 42, 47 (1st Cir. 2003); DiPippa v. United States, 687 F.2d 14, 19-20 (3d Cir. 1982) (similar provision of Swine Flu Act does not violate

equal protection clause). The fact that no suspect classification is identifiable deflates Alexander's equal protection argument.

Alexander's final assertion that § 233 violates her constitutional right to equal protection is that all plaintiffs suing private physicians for alleged malpractice in the State of Illinois are entitled to a jury trial in state court. This argument fails for the same reasons as the previous argument.

*B. Due Process*

Alexander contends that § 233 violates the due process clause of the Fifth Amendment because she claims she had no opportunity to seek review of an administrative agency's (presumably the HHS) decision that Dr. Onyema is a deemed employee, a decision by which she is now bound. This argument is without merit.

Alexander was afforded a full and fair opportunity to be heard regarding the issue of Dr. Onyema's status. After the HHS's decision regarding Dr. Onyema's status, Alexander objected to the transfer of this action to federal court based upon the argument that Dr. Onyema was not a deemed employee under § 233. Subsequent to our analysis and rejection of Alexander's position, she moved for reconsideration regarding the same issue. Once again, we reviewed the merits of the arguments set forth by both parties and ultimately denied the motion. Now, years later, Alexander is essentially once again seeking review and consideration of the issue regarding

Dr. Onyema's status, this time by attacking the constitutionality of § 233. Presumably, Alexander may once again raise the same issue in the future through the appellate process. It is incongruous for Alexander to argue that her due process rights were violated when the record evidences numerous occasions where she has been afforded full and fair opportunity for review and consideration of the issue.

*C. Right To Trial By Jury*

Finally, Alexander asserts that § 233 violates her constitutional right to a jury trial. Alexander argues that she should have the ability to sue Dr. Onyema individually and demand a jury trial rather that having to sue the United States under the FTCA and trying her case before a judge. Alexander's Seventh Amendment right to trial by jury argument fails.

Here, once we ruled that Dr. Onyema was covered by the FTCA at the time of the incidents alleged in the complaint, the claims against Dr. Onyema had to be deemed claims against the United States. 28 U.S.C. § 2679(d)(2). As a result, the present suit against Dr. Onyema is in actuality a suit against the United States. This raises issues of sovereign immunity and defeats Alexander's Seventh Amendment argument.

The Seventh Amendment affords the right to a trial by jury in civil cases involving the common law. U.S. Const. Amend. 7. Suits against the sovereign were unknown at common law and accordingly, the Seventh Amendment provides no right

of trial by jury in such cases. The FTCA represents a limited waiver of sovereign immunity, allowing plaintiffs the opportunity to sue under enumerated circumstances, but the fact of suit does not automatically confer a right that the fact finder will be a jury. Alexander's argument that she should have the ability to sue Dr. Onyema individually and demand a jury trial is misplaced as we are not dealing with a suit against a private individual; rather, this is a suit against the United States where a bench trial is afforded.

## CONCLUSION

Based upon the foregoing analysis, Alexander's motion to hold 42 U.S.C. § 233 unconstitutional under the United States Constitution is denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: FEB 7 2005